IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUFUS HAMPTON, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:23-cv-2368-B-BN |
| | § | |
| DEVERY MOONEYHAM, Warden, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Rufus Hampton, Jr., filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the United States Bankruptcy Court for the Northern District of Texas's finding him in civil contempt for his failure to comply with orders of the court and then holding him in custody for his contempt of court. *See* Dkt. No. 3; *see generally In re Seilheimer*, No. 23-30671-SGJ-13 (Bankr. N.D. Tex.).

United States District Judge Jane J. Boyle referred the Section 2241 petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should the dismiss the habeas petition without prejudice for Hampton's failure to exhaust available adequate remedies.

**Applicable Background**

As set out in a recent order from the Bankruptcy Court,

> [o]n October 19, 2023, at 2:00 p.m., the United States Marshals brought Rufus Hampton before the court, after taking him in custody on September 13, 2023, and again on September 14, 2023, and again on September 21, 2023, pursuant to the orders of this court issued on those same dates [DE ## 102 & 109 & 119]. Mr. Hampton, for most of the hearing, expressed no interest in complying with the prior orders of this court. He had not taken any steps to comply with the orders of this court. He was argumentative with the court and mostly showed no interest in complying with orders of this court – although toward the end of the hearing, after encouraging Mr. Hampton to talk with his family members in attendance in court, Mr. Hampton seemed potentially willing to supply documents to the court and perhaps liquidate assets or otherwise come up with a way to return the funds to the Debtor that have been subject to the court's numerous prior orders. This court made clear that Mr. Hampton would be released from jail if he simply complied with the order of this court.
>
> As summarized in this court's Findings of Fact and Conclusions of Law [DE # 100], Mr. Hampton has violated multiple orders of this court. Mr. Hampton took possession of at least $44,210.91 of cash (and maybe as much as $62,421.82) belonging to the Debtor postpetition, on or about April 19, 2023 (the "Funds"). The Funds were excess sale proceeds relating to the foreclosure of the property at 2910 Perryton, Dallas Texas, which property had been inherited by the Debtor from his late mother Sheila Seilheimer. Mr. Hampton admits to having received the Funds but refuses to turn them over or account for them, without articulating a factual or legal bases for holding them, except that he does not think the bankruptcy court has authority to order him to. He asserts that the Funds belonged to the probate estate of the Debtor's deceased mother (of which Debtor is executor) but fails to explain why Rufus Hampton has any authority, in that instance, to retain the Funds. Rufus Hampton is legally required pursuant to, among other authority, sections 362(a)(3), 541 and 542 of the Bankruptcy Code, to turn over to the bankruptcy estate of Donald Seilheimer the Funds. He is also obligated but has thus far been unwilling to turn over documents or records that would account for the Funds.

*In re Seilheimer*, No. 23-30671-SGJ-13, Dkt. No. 131 at 1-2 (Bankr. N.D. Tex. Oct. 19, 2023). The same order provides that Hampton is to appear before the Bankruptcy Court in connection with his civil contempt again on October 27, 2023. *See id.* at 3.

## Discussion

In the related context of a criminal proceeding, it is established that "[w]hile

- 2 -

habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, the District Court should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951) (citations omitted).

Similarly, in addition to purging himself of contempt (as the Bankruptcy Court has attempted to facilitate), there is an adequate remedy available to Hampton to challenge his civil contempt in the bankruptcy proceeding – an appeal to a United States district judge. *See, e.g.*, *In re Silvio*, Bankr. No. 13-36744-H5-13, Civ. No. H-15-2118, Adversary No. 15-3096, 2016 WL 4505879, at *2 (S.D. Tex. Aug. 29, 2016) ("Under 28 U.S.C. § 158(a), a federal district court 'shall have jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges.' A 'final' order is any order that 'ends a discrete judicial unit in the large case.' A civil contempt order is 'final' if (1) a finding of contempt is issued by the bankruptcy court and (2) an appropriate sanction is imposed." (cleaned up)).

And the undersigned agrees with the United States Court of Appeals for the Second Circuit's holding that, "absent extraordinary circumstances, which are not present here, all available routes of appeal must be exhausted before a person imprisoned for civil contempt by a bankruptcy court can avail himself of habeas corpus relief." *Martin-Trigona v. Shiff*, 702 F.2d 380, 387 (2d Cir. 1983); *see id.* at 388 ("If [a contemnor] question[s] the [order] of the bankruptcy court, he ha[s] a remedy, but that remedy [is] to seek leave to appeal, not to petition for a writ of habeas corpus. A habeas corpus petition is the avenue of last resort, always available to safeguard

the fundamental rights of persons wrongly incarcerated. [But, w]here, as here, a regular route of appeal exists, habeas corpus will be allowed in only exceptional cases." (citations omitted)); *see also Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010) ("'[E]ven where a habeas court has the power to issue the writ,' the question remains 'whether that power ought to be exercised.' As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent,' courts 'require exhaustion of alternative remedies before a prisoner can seek federal habeas relief.' While habeas corpus is 'always available to safeguard the fundamental rights of persons wrongly incarcerated,' it 'is the avenue of last resort.'" (cleaned up; collecting authority including *Stack* and *Martin-Trigona*; vacating district court's order granting Section 2241 petition challenging the government's efforts to commit petitioner civilly as a "sexually dangerous person" under the provisions of 18 U.S.C. § 4248; and remanding with instructions to dismiss the habeas petition without prejudice)).

The Court should therefore dismiss Hampton's Section 2241 petition without prejudice to allow him to exhaust available adequate remedies.

## Recommendation

The Court should dismiss Petitioner Rufus Hampton, Jr.'s application for a writ of habeas corpus under 28 U.S.C. § 2241 without prejudice to his ability to exhaust available adequate remedies, including an appeal to a United States district judge.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 26, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE